Filed 1/19/23  Guardianship of A.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Guardianship of A.R, a Minor. | |
| OCTAVIO LOPEZ, | F083167 |
| Petitioner and Appellant, | (Super. Ct. No. 21PR-00140) |
| v. | |
| CONNIE HERNANDEZ et al., | **OPINION** |
| Objectors and Respondents. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Octavio Lopez, in pro. per., for Petitioner and Appellant.

No response for Objectors and Respondents.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Smith, J.

In this second appeal brought by appellant Octavio Lopez[1] against the same party, he challenges the trial court's decision to deny him guardianship over a child, and/or visitation as a stepgrandparent.[2] For the reasons presented below, we affirm the order issued by the trial court.

## PROCEDURAL AND FACTUAL SUMMARY

On May 4, 2021, appellant filed a petition asking to be appointed guardian for the youngest daughter of respondent Connie Hernandez (mother). As part of the petition, appellant alleged he used to live with the parents of the child and during that time he was the primary caregiver for the child. Appellant further alleged the parents were not fit to care for the child, and that despite his strong bond with the child, he was being prevented from seeing the child. Appellant also stated his desire to parent the child, and eventually adopt her. In a summary attached to a declaration filed with the court, appellant explained his relationship with mother's family and at least two of her children. The attachment also explained in detail how he would care for the child who is the subject of the petition.

Following a hearing on May 10, 2021, the trial court denied the petition without prejudice, but set the matter for another hearing in July 2021, and asked child protective services (CPS) to conduct a nonrelative guardianship investigation before the next hearing. The minute order also stated the child is currently living with her parents and identifies appellant as a "former Step-Grandfather." The order asking CPS to conduct a nonrelative guardianship investigation was rescinded on May 13, 2021. CPS determined the matter did not meet state requirements for intervention.

---

[1]     In the prior appeal, appellant appears as Octavio Lopez Mendoza.

[2]     On this court's own motion, we take judicial notice of the record on appeal in *Hernandez v. Mendoza*, case No. F083011 pursuant to Evidence Code sections 452, subdivision (d) and 459.

On May 10, 2021, mother filed a "Request for Domestic Violence Restraining Order," alleging appellant posed a threat to her and her daughters. This proceeding was the subject of the prior appeal referenced above. Mother listed appellant as her "mother's ex-husband" in the request for the restraining order. In his response, appellant stated he and grandmother were never married but were in a long-term relationship while living in Mexico. A temporary restraining order was issued on May 11, 2021, directing appellant to, among other things, stay away from mother and her two daughters until the hearing scheduled for June 2, 2021. Following the June hearing, the trial court granted the request for a protective order in favor of mother and her two daughters, and against appellant, for a period of three years.

On June 14, 2021, appellant added new information to the petition he filed asking to be appointed guardian. Appellant now also sought "grand parental visitation rights," due to his role as the "*De Facto*" parent of the child.

Following a hearing held on July 9, 2021, the trial court denied appellant's request for a guardianship, and the request for court-ordered visitation as a grandparent. The court specifically noted that following an investigation, CPS had no concerns the child was in danger, or that her current placement with her parents was detrimental. Mother and the child's father, Victor Rodriguez (father), stated during this hearing that appellant was not a stepgrandparent of the child, and that they had recently obtained a protective order against appellant for three years.[3] The court took judicial notice of this protective order.

Appellant filed a notice of appeal challenging the order denying his petition for guardianship and grandparent visitation. Respondent has not filed a responsive brief or made any appearance in this appeal.

---

[3] This is the same protective order that was the subject of the prior appeal.

## DISCUSSION

**I.      A Guardianship Is Not Warranted in This Case**

"A relative *or other person on behalf of the minor*, … may file a petition for the appointment of a guardian of the minor."  (Prob. Code, § 1510, subd. (a), emphasis added.)

> "In considering an application for appointment of a guardian, however, a court must also consider the right of a parent to the care and custody of his or her children.  [Citation.]  California law presumes a parent is competent to care for his or her own children.  For almost a century, our state's law has provided:  'In accordance with the general presumption in favor of competency, a parent is presumed to be competent to discharge the duties of guardianship in the absence of an affirmative showing to the contrary.  [Citations.]' "  (*Suleman v. Superior Court* (2010) 180 Cal.App.4th 1287, 1296 (*Suleman*).)

The right of parents to make decisions about raising their own children has been recognized as a matter of federal due process.  (*Suleman*, *supra*, 180 Cal.App.4th at p. 1296.)

The *Suleman* court addressed the question of standing when a petition for guardianship is filed by someone other than a relative of the minor.  Specifically, for someone other than a parent to have standing to pursue guardianship over a child they are not related to, they must provide actual information that is sufficient to warrant a trial court's intervention.  (*Suleman*, *supra*, 180 Cal.App.4th at p. 1299.)  The court must then investigate the information to determine its impact on the best interest of the child.  (*Ibid*.)  Mere speculation or allegations about possibly inappropriate activity or potential dangers to the child will not be enough.  (*Id*. at p. 1302.)

We cannot simply apply this legal standard without acknowledging an obvious impediment to appellant's request to become the guardian for mother's youngest daughter.  Appellant is legally prohibited from coming into contact with mother and her daughters under the terms of the domestic violence protective order issued in June 2021.

The allegations made by appellant that the child is living in a harmful environment repeat the allegations he made in opposition to the request for a protective order, which were already rejected by the trial court. Moreover, while the record suggests the initial CPS investigation ordered by the court was rescinded, both the minute order and the transcript indicate CPS did in fact investigate, concluding the child was not at risk of being harmed in her current placement with her parents.

Based on the facts presented at the July 2021 hearing, the trial court had an adequate basis for denying appellant's guardianship petition.

## II. Appellant Was Not Entitled to Any Visitation as a Grandparent

After filing the initial guardianship petition, appellant amended it to add a separate request that he be granted visitation as a "step grandfather." While there is no evidence in the record proving appellant was ever considered a grandparent in any form, the standard for obtaining this type of visitation would have been difficult for appellant to meet.

A grandparent's right to court-ordered visitation with a grandchild is purely statutory. (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 219.) Generally, a request for visitation by a grandparent must be brought during proceedings seeking the dissolution of marriage, legal separation, or when one party to the marriage seeks exclusive custody of the child. (Fam. Code, §§ 3021, 3103.) Under Family Code section 3104, subdivision (b)(1), a petition for visitation by a grandparent may also be brought when the parents are not married or are living "separately and apart on a permanent or indefinite basis." Family Code section 3104, subdivision (f), however, further warns courts considering visitation orders for grandparents:

> "There is a rebuttable presumption affecting the burden of proof that the visitation of a grandparent is not in the best interest of a minor child if the parent who has been awarded sole legal and physical custody of the child in another proceeding, or the parent with whom the child resides if there is

currently no operative custody order objects to visitation by the grandparent." (Fam. Code, § 3104, subd. (f).)

It should be noted, the statutory scheme that governs child custody decisions in California expresses a strong policy preference for the rights of a parent over those of a nonparent. (Fam. Code, §§ 3040, 3041.)

In a case considering the constitutional right of parents to make decisions for their child, this court concluded a parent's decision to oppose a formal order granting visitation to a grandparent must be given deference. (*Zasueta v. Zasueta* (2002) 102 Cal.App.4th 1242, 1253 [discussing the fundamental nature of parental rights presented in *Troxel v. Granville* (2000) 530 U.S. 57].) To overcome the presumption that parents are acting in the best interest of their child, a grandparent must prove by clear and convincing evidence that the denial of visitation is not in the best interest of the child or would be detrimental. (See *Ian J. v. Peter M.* (2013) 213 Cal.App.4th 189, 205–206, disapproved on other grounds by *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010.)

First, there is no evidence in the record appellant is a grandparent or even a stepgrandparent. Furthermore, appellant cannot overcome the fact that both parents object to him having any contact with their daughter, let alone visitation. Their objections were formalized when mother sought and obtained a protective order against appellant that is set to stay in place for a period of three years. The trial court's denial of appellant's request for grandparent visitation is supported by the record.

## DISPOSITION

The judgment is affirmed. Appellant is awarded no costs in this appeal.